UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED

2003 DEC 17  A 11: 18

US DISTRICT COURT
HARTFORD CT

Lisa Henderson
202 Sunny Brook Terrace #638
Gaithersburg, Maryland 20877

PLAINTIFF,

v.                                    CIVIL ACTION NO. 3:03 cv 2176 (AWT)

General Electric Company
41 Woodford Avenue
Plainville, Connecticut 06062

DEFENDANT.

## COMPLAINT

COMES NOW the Plaintiff Lisa Henderson, Pro se, and sues the Defendant, General Electric Company, and for her causes of action, Plaintiff declares and avers as follows:

**I. Preliminary Statement.**

This is an action under the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e-16 *et seq.*, as amended, and 42 U.S.C. § 1981, as amended, for compensatory and punitive damages as well as equitable relief against Defendant General Electric Company growing out of Defendant's discriminatory treatment of Plaintiff on the basis of her race (Black) and her gender (female).

## II. Jurisdiction.

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) *et seq.*, as amended by the Civil Rights Acts of 1966, 1972, and 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"); and 42 U.S.C. § 1981.

2. On September 17, 2003, the Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter for her Charge of Discrimination, Charge Number 120-2003-04503C, received by Plaintiff on September 20, 2003, a copy of which is attached hereto. This suit is filed within the prescribed time period.

3. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## III. Venue.

4. The venue of this action is properly placed in the United States District Court for the District of Connecticut pursuant to 29 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant maintains its principal offices and its personnel files in this judicial district.

## IV. Parties.

5. Plaintiff Lisa Henderson is a Black female and is an employee within the meaning of Title VII.

6. Defendant General Electric Corporation is a corporation licensed to do business throughout the United States, including Connecticut, and is an employer within the meaning of Title VII.

## V. Statement of Facts.

7. Plaintiff was employed by Defendant in 1987 as a Customer Service Representative.

8. From 1987 through 2002, Plaintiff worked in a series of managerial and supervisory jobs for the Defendant. Throughout this period, she excelled in all aspects of her work and she was continuously praised and given performance awards and numerous other plaudits and accolades for her work.

9. In January of 2002, Plaintiff was promoted to the position of Director of Quality and Information Technology of GE Industry Systems in Riazzino, Switzerland. This promotion was based on her superior skills and her hands-on ability to work with customers.

10. At the time of her arrival in Switzerland, the staff there consisted of eight employees, four of whom were female (including Plaintiff) and four of whom were male. The Chief Executive Officer, the Chief Financial Officer, and the Director of Human Resources were all white females. Plaintiff was the only African-American staff member.

11. After working in Switzerland for approximately five months, Plaintiff learned the that the Chief Executive Officer was being removed for alleged non-performance. The CEO was replaced by a male.

12. Soon thereafter, the Chief Financial Officer was terminated and replaced by a male.

13. Following the departure of the CEO and CFO, the Director of Human Resource resigned because of the hostility she was facing. Upon her departure, she told Plaintiff to be

Case 3:03-cv-02176-DJS   Document 1   Filed 12/17/03   Page 4 of 10

careful, that they were watching her, and that she would be next. The Human Resource Director, like the CEO and CFO, was replaced with a male.

14. During Plaintiff's employment in Switzerland, she continued to perform at an exceptional level. In July of 2002, she received an award for her involvement in an IT implementation project. From August through December 2002, Plaintiff increased GE's trained Greenbelts by over 100%.

15. In early November 2002, Brigette Lacroix, the Quality Leader for GE Digital Energy and Plaintiff's direct supervisor, presented Plaintiff with a performance plan which indicated that GE was reviewing Plaintiff's performance due to some alleged deficiency in her work. This performance plan was issued without any advanced notice or warning. The Defendant had prior to that time given Plaintiff no indication that her performance was deficient. Plaintiff questioned the action based on GE's failure to follow protocol and because the allegation lacked any support. Upon investigation the matter was withdrawn.

16. Shortly thereafter, Plaintiff was again unjustifiably placed on a performance plan because of an allegedly poor presentation she had made at a meeting. Plaintiff had made this same presentation only one week earlier and was at that time given substantial praise by everyone involved. Moreover, one of Plaintiff's male counterparts performed poorly at the meeting, but not action was taken against him.

17. Plaintiff was quite upset about being placed on this performance plan. On that same day, Plaintiff voiced concern about continuing to work in an environment with unwarranted criticism to Ms. Lacroix, Mr. Canova (who was the new CEO), and Ms. Blanca Blaney, the head

4

of Human Resource. In response, Mr. Canova told Plaintiff to think about her concerns over the weekend and report back to him on Monday.

19. When Plaintiff met with Mr. Canova, Ms. Lacroix, and Ms. Blaney on Monday, December 9, 2002, she advised them that she had worked out her concerns and intended to continue working for the business unit. In response, she was told to either submit her resignation or her employment would be terminated. Defendant refused to provide any explanation for their action.

19. Two days later, upon Plaintiff's arrival to the office, she was asked to leave the building and was told not to return until contacted by someone from the company. Plaintiff was not permitted to use her office, the company's internet services, or company e-mail during her three month severance period. Plaintiff was not permitted to seek alternative employment with another GE subsidiary.

20. As a result of the aforementioned conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, including the loss of stock options, and severe stress and anxiety, emotional pain and anguish, humiliation, and embarrassment, all of which have had and continue to have a negative overall impact on her personal, family, and professional life as well as her physical and emotional well being.

21. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and is now suffering, and will continue to suffer irreparable injury from Defendant's treatment unless the Defendant is enjoined by this Court.

## COUNT ONE

## Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991

22. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 21 of this Complaint as if specifically alleged herein.

23. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

24. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff appropriate compensatory damages;

d. Award Plaintiff appropriate punitive damages;

e. Award Plaintiff back pay and benefits;

f. Award Plaintiff his costs and attorneys' fees; and

g. Award Plaintiff such other and further relief as may be deemed just and proper.

## COUNT TWO

### Gender Discrimination in Violation of Title VII
### of the Civil Rights Act of 1964 as amended
### and the Civil Rights Act of 1991

25. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 24 of this Complaint as if specifically alleged herein.

26. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her gender (Female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

27. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.


WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff appropriate compensatory damages;

d. Award Plaintiff appropriate punitive damages;

e. Award Plaintiff back pay and benefits;

f. Award Plaintiff his costs and attorneys' fees; and

g. Award Plaintiff such other and further relief as may be deemed just and proper.

## COUNT THREE

### Racial Discrimination in Violation of Section 1981 as amended and the Civil Rights Act of 1991

28. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 27 of this Complaint as if specifically alleged herein.

29. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her race and color (Black) in violation of 42 U.S.C. § 1981, as amended ("Section 1981"), and the Civil Rights Act of 1991.

30. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Section 1981, as amended, and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff appropriate compensatory damages;

d. Award Plaintiff appropriate punitive damages;

e. Award Plaintiff back pay and benefits;

f. Award Plaintiff his costs and attorneys' fees; and

g. Award Plaintiff such other and further relief as may be deemed just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Lisa Henderson, herewith demands a trial by jury on all issues.

Respectfully submitted,

Lisa Henderson
202 Sunny Brook Terrace #638
Gaithersburg, Maryland 20877
(301) 631-2555
Pro se

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lisa Henderson
202 Sunny Brook Terrace
Apt. # 603
Gaithersburg, MD 20877

From: Baltimore District Office
10 South Howard Street
3rd Floor
Baltimore, MD 21201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 120-2003-04503C | James P. Norris, Investigator | (410) 962-0602 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Gerald S. Kiel_
Acting District Director

SEP 17 2003
(Date Mailed)

Enclosure(s)

cc: Mr. Jim Shepard
President
General Electric - Digital Energy
41 Woodford Avenue
Plainville, CT  06062